UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BULKMATIC TRANSPORT COMPANY, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 2:23 CV 255<br>) |
| MIKE ABBATTE, *et al.*, | )<br>) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on the motion of defendants Peter Montes, Frank Cristo, and PM Fleets LLC, to dismiss plaintiffs' claims against them under Federal Rules of Civil Procedure 9(b) and 12(b)(6). (DE # 72.) For the reasons set forth below, the motion is granted, but plaintiffs are granted leave to file an amended complaint.

**I.     BACKGROUND**

Plaintiffs Bulkmatic Transport Company, Bulkmatic LLC, and Bulkmatic Equipment Leasing, LLC, are businesses engaged in the transport of dry bulk and other materials using fleet equipment such as semi-tractors and trailers. (DE # 70 at 1-2.) Plaintiffs' then-employee, Mike Abbatte, was tasked with selling depreciated or obsolete fleet equipment. (*Id.*) Plaintiffs claim that Abbatte coordinated multiple sales of fleet equipment for less than fair market value to buyers who then paid kickbacks to Abbatte for the privilege of paying the lower price, violating mail and/or wire fraud

laws along the way. (*Id.*) Plaintiffs claim that defendants Montes, Cristo, and PM Fleets were the buyers in some of these transactions. (*Id.* at 7-8.)

Plaintiffs filed the present civil suit against Abbatte and various alleged buyers. (DE # 1.) Plaintiffs allege that defendants engaged in racketeering and conspiracy to engage in racketeering in violation of 18 U.S.C. § 1962(c) & (d). (*Id.*) Plaintiffs also allege that defendants violated various provisions and principles of Indiana law. (*Id.*) Plaintiffs contend that this court has original jurisdiction over plaintiffs' federal racketeering claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims in accordance with 28 U.S.C. § 1367. (*Id.* at 2.)

After the court found that plaintiffs' original complaint failed to plead facts against another defendant, Joseph Backlund, with the specificity required for fraud claims under Federal Rule of Civil Procedure 9(b), plaintiffs filed their Second Amended Complaint. (DE # 70.) Plaintiffs then voluntarily dismissed their claims against Backlund. (DE # 78.) Meanwhile, defendants Montes, Cristo, and PM Fleets moved to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). (DE # 72.) That motion has been fully briefed and is now before the court.

## II.   LEGAL STANDARD

Defendants' motion to dismiss implicates two related Federal Rules of Civil Procedure: Rule 12(b)(6) and Rule 9(b). First, defendants cite to Rule 12(b)(6), which requires the dismissal of allegations that fail to state a claim upon which relief can be granted. A court reviewing a complaint pursuant to Rule 12(b)(6) must construe the

allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Whether allegations state a claim is a question typically governed by the liberal notice-pleading requirements of Rule 8, which requires that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, claims of fraud – such as those alleged in this case – are subject to the heightened pleading standard found in Federal Rule of Civil Procedure 9(b), which requires the complaint to "state with particularity the circumstances constituting fraud." *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 495–96 (7th Cir. 2025) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)). These heightened pleading requirements apply to complaints alleging fraud to discourage a "sue first, ask questions later" philosophy. *Id.* Such requirements also force a plaintiff to do more than the usual investigation before filing a complaint. *Kahn v. Walmart Inc.*, 107 F.4th 585, 594 (7th Cir. 2024).

Rule 9(b) requires a plaintiff to provide "precision and some measure of substantiation" to each fraud allegation. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019). As a practical matter, Rule 9(b) requires plaintiffs to identify "the who, what, when, where, and how" of the alleged fraud. *Id.* Procedurally, if a plaintiff has failed to plead fraud, the court must "disregard averments of fraud not meeting Rule

3

9(b)'s standard and then ask whether a claim has been stated." *Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan by & through Lyon v. Buth*, 99 F.4th 928, 945 (7th Cir. 2024).

## III.   DISCUSSION

Defendants' primary argument is that plaintiffs have failed to plead their federal racketeering allegations under 18 U.S.C. § 1962(c) & (d), which are rooted in underlying mail and/or wire fraud, with the degree of particularity required by Rule 9(b). Specifically, defendants argue that plaintiffs' Second Amended Complaint impermissibly lumps together Montes, Cristo, and PM Fleets. (DE # 73 at 3.) For example, the Second Amended Complaint frequently conflates Montes, Cristo, and PM Fleets by referring to them interchangeably or as one entity. (*E.g.*, DE # 73 at 7, "PM Fleets, LLC through its authorized agents Peter Montes and Frank Cristo who were acting both individually and in their representative capacity (collectively 'PM Fleets').") Rule 9(b) does not allow for this type of "group pleading." *Cornielsen v. Infinium Cap. Mgmt., LLC,* 916 F.3d 589, 599-600 (7th Cir. 2019) (complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient).

Plaintiffs do not (and could not) dispute that Rule 9(b)'s heightened pleading requirements apply to their Section 1962(c) and (d) RICO allegations against defendants. *Jepson v. Makita Corp.,* 34 F.3d 1321, 1327 (7th Cir. 1994) ("Of course, Rule 9(b) applies to allegations of mail and wire fraud and by extension to RICO claims that rest on predicate acts of mail and wire fraud."). Nor do plaintiffs actually dispute that their allegations against defendants in the Second Amended Complaint amount to

4

"group pleading." Rather, plaintiffs attempt to persuade the court that lumping the defendants together in the Second Amended Complaint should be forgiven.

First, plaintiffs argue, without legal support, that because their case centers on kickbacks and not misrepresentations, it is "unnecessary to recite the specific kickback which either Defendant remitted individually." (*Id.* at 5.) This argument fails. As in any other case sounding in fraud, pleading facts as to each defendant individually *is* necessary under Rule (9). *Kahn,* 107 F.4th at 594 (Rule 9(b) requires plaintiffs to identify "the who, what, when, where, and how" of the alleged fraud). No special rules or exceptions exist that require the court to apply Rule 9(b) differently in this case simply because it involves kickbacks.

Plaintiffs next argue that they are not required to plead separate acts committed by Montes, Cristo, or PM Fleets, since these defendants hid "behind the corporate veil in secrecy." (DE # 80.) This argument also fails. One of the primary purposes of the heightened pleading requirements in Rule 9(b) is to prevent "fishing expeditions," where plaintiffs alleges fraud first, and uncover the basis for their fraud claim later. *Cox v. Sherman Cap. LLC*, No. 1:12-CV-01654-TWP, 2014 WL 1328147, at *5 (S.D. Ind. Mar. 31, 2014). To excuse plaintiffs' failure to include critical information in the Second Amended Complaint would defeat the purpose behind the rule. *Id.*

Plaintiffs' failure to adequately plead facts related to Montes, Cristo, and PM Fleets's involvement in the scheme not only dooms plaintiffs' RICO claim under Section 1962(c); it also means that plaintiffs' conspiracy claim under Section 1962(d) is inadequate. Without allegations specific to each defendant, the Second Amended

5

Complaint fails to properly allege, for example, that any of the defendants agreed to conduct or participate in the affairs of the enterprise. *See United States v. Watkins*, 107 F.4th 607, 626 (7th Cir. 2024) (explaining elements of civil RICO conspiracy claim).

In sum, once the court disregards the improperly pleaded allegations for failure to satisfy Rule 9(b), *Appvion,* 99 F.4th at 945, the Second Amended Complaint fails to state a federal RICO claim under either Section 1962(c) or (d) against Montes, Cristo, and PM Fleets. Thus, defendants' motion to dismiss under Rule 12(b)(6) must be granted as to those RICO claims.

However, a district court should generally grant leave to amend a complaint after granting a motion to dismiss, except in the rare instance when an amendment would be futile or otherwise unwarranted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Accordingly, the court now affords plaintiffs an opportunity to file a Third Amended Complaint, consistent with this opinion and counsels' Rule 11 obligations. The court is cognizant of the fact that plaintiffs have already filed two versions of this complaint; therefore, the court is not inclined to allow further amendments to the complaint in the future. *See Agnew v. Nat'l Collegiate Athletic Ass'n,* 683 F.3d 328, 347 (7th Cir. 2012) (district court is not required to grant leave to amend when a plaintiff has had multiple opportunities to state a claim upon which relief may be granted).

Finally, the court notes that if plaintiffs fail to state a federal RICO claim, the court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state claims may not be appropriate. *See Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d

6

720, 727 (7th Cir. 2010). Accordingly, the court withholds ruling on the merits of any state law claims until it is determined that a federal claim is properly before the court.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED** (DE # 72), but the court also **GRANTS** plaintiffs leave to file an amended complaint by October 24, 2025.

**SO ORDERED.**

Date: September 24, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT