UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BULKMATIC TRANSPORT COMPANY,    )
*et al.*,                        )
                                )
          Plaintiffs,           )
                                )
          v.                    )        No. 2:23 CV 255
                                )
MIKE ABBATTE, *et al.*,         )
                                )
          Defendants.           )

<u>OPINION and ORDER</u>

This matter is before the court on the motion for abstention filed by plaintiffs

Bulkmatic Transport Company, Bulkmatic LLC, and Bulkmatic Equipment Leasing,

LLC. (DE # 110.) For the reasons set forth below, the motion is denied.

I.    BACKGROUND

This case, which has been pending for almost three years, centers on plaintiffs'

allegations that their former employees coordinated the sales of used fleet equipment

for less than fair market value to buyers who then paid kickbacks to those former

employees. (DE # 70.) According to plaintiffs, some of those buyers were Peter Montes,

Frank Cristo, and PM Fleets, LLC (hereinafter "defendants"). (*Id.* at 7-8.)

Plaintiffs filed the present civil lawsuit in federal court, alleging that defendants

engaged in racketeering in violation of federal law. (DE # 1.) Plaintiffs also alleged that

defendants violated various provisions and principles of Indiana law. (*Id.*) The

complaint has been amended several times, and the court held that plaintiffs' most

recent amended complaint was improperly pleaded as to defendants. (DE # 95.)

However, the court afforded plaintiffs another opportunity to amend the pleadings, and plaintiffs filed another amended complaint. (DE # 98.) Defendants filed a motion to dismiss this new iteration of the complaint. (DE # 104.) This motion is currently pending.

Curiously, on February 6, 2026, plaintiffs filed virtually the same lawsuit in state court. (DE # 121-3.) The main difference between the lawsuits is the fact that the state lawsuit includes state law racketeering and conspiracy claims. (*Id.*) Plaintiffs then moved for this court to abstain in this federal lawsuit– essentially asking this court to stay the current case (and withhold ruling on the pending motion to dismiss) so that their new state lawsuit can proceed to conclusion instead. (DE # 110.) Defendants responded but also filed a motion for sanctions, claiming that the state lawsuit was filed as an intimidation tactic. (DE # 122.)

Because the motion for abstention must be resolved before the other pending motions, and because it may affect the progress of state court litigation, the court addresses the motion for abstention today, and the motions to dismiss and for sanctions are taken under advisement.

## II.    DISCUSSION

Plaintiffs ask that this court abstain from presiding over this case under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818 (1976). That case permits district courts to abstain from exercising jurisdiction in an otherwise proper federal case due to concurrent state proceedings in "exceptional" circumstances. *Id.*

Importantly, there is a presumption against abstention. *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011). The Supreme Court also has made it clear that, generally speaking, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court," and that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction that Congress has given them unless the case is "exceptional." *Colorado River*, 424 U.S. at 817. The Seventh Circuit takes the Supreme Court's guidance on this issue "seriously" and requires a "strong justification" to overcome the presumption against abstention. *AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 279 (7th Cir. 2003).

To determine whether abstention is appropriate, a district court must first evaluate whether the federal and state cases are parallel. *Huon,* 657 F.3d at 646. In other words, the court must ascertain whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* (internal quotation marks omitted). In this case, it cannot be disputed that the cases are almost identical. Though the state case involves state law racketeering and conspiracy claims, this difference is minute compared to the virtually indistinguishable factual bases of the suits.

Once a court has determined that two cases are parallel, as this court has done, it must carefully weigh a number of nonexclusive factors in deciding whether to abstain:

> (1) whether the state has assumed jurisdiction over property;
> (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the

3

> source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Huon,* 657 F.3d at 647-48.

Plaintiffs are correct that a few factors weigh in their favor, though only slightly so. Certainly it would be more desirable for this litigation to proceed in only one forum, as opposed to two, to avoid this case being decided in a piecemeal fashion (factor 3), but resolution of all of the claims in a federal forum would solve this problem just as easily. Further, the court is confident that the Indiana courts could adequately protect plaintiffs' rights (factor 6), and Indiana law governs the state claims (factor 5), but the case also involves federal claims and the Seventh Circuit advises that federal courts should not shy away from deciding issues of state law. *Diginet, Inc. v. Western Union ATS, Inc.,* 958 F.2d 1388, 1395 (7th Cir. 1992).

Many more factors weigh in favor the court's exercise of jurisdiction over this case. The state action is removable (factor 9). This federal action has existed for nearly three years (factor 4) and is more advanced than the state lawsuit which was filed one month ago (factor 7). Though plaintiffs argue that this case has not yet progressed beyond the pleadings stage, this is primarily due to plaintiffs' failure to submit a complaint conforming to Rule 8 and 9(b) of the Federal Rules of Civil Procedure, despite the court allowing repeated attempts. (DE ## 64, 69, 83, 95.) Further weighing in defendants' favor is the fact that the federal lawsuit was not contrived and vexatious

4

(factor 10). Rather, the state suit was. The court can see few legitimate reasons for filing duplicitous state court litigation nearly three years into the progress of a federal suit. Plaintiffs could be attempting to avoid a ruling on the pending motion to dismiss or to dodge the statute of limitations on their new claims. Or, judging by plaintiffs' counsel's email to defense counsel, exertion of settlement pressure may be the impetus: "I am going to file a companion suit in state court . . . In the event your clients are interested in settling, my client is open." (DE # 122-1.) Regardless, this factor is easily decided in defendants' favor.

The remaining factors are either inapplicable or neutral. Factor 1 is inapplicable because there is no property at issue; factor 2 is neutral because the state and federal forums (only a few miles apart) are equally convenient; and factor 8 is neutral because the federal and state courts at issue have concurrent jurisdiction. Notably, neutral or inapplicable factors weigh in favor of exercising jurisdiction. *Huon,* 657 F.3d at 648.

In total, a few of the *Huon* factors weigh slightly in favor of abstention, but a majority of the factors weigh in favor of exercising jurisdiction. Given the stern admonishments from both the Supreme Court and Seventh Circuit that abstention is permissible only in the most "exceptional" cases, the court must conclude that no "strong justification" exists in this case to abstain. *AXA,* 347 F.3d at 279. Accordingly, plaintiffs' request that the court abstain under the *Colorado River* doctrine is denied.

### III.   CONCLUSION

For the foregoing reasons, plaintiffs' motion for abstention (DE # 110) is

**DENIED.** The motion to dismiss and motion for sanctions (DE ## 104, 122) remain

pending and under advisement.

**SO ORDERED.**

Date: March 6, 2026

s/ James T. Moody

JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT