UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BULKMATIC TRANSPORT COMPANY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:23 CV 255 |
| MIKE ABBATTE, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## OPINION and ORDER

This civil racketeering case was filed by plaintiff Bulkmatic Transport Company and its related business entities against various defendants it asserts were involved in a scheme involving illegal kick-backs connected to the sale of plaintiffs' used equipment. (DE # 1.) It has been pending for nearly three years, mostly due to amendments to the complaint and defensive attempts to dismiss each new version of the complaint. The case is still in the pleadings stage and discovery has yet to begin. Defendants Frank Cristo, Peter Montes, and PM Fleets, LLC (the "PM Fleets defendants") have filed a motion to dismiss the most recent iteration of the complaint. (DE ## 104, 122.)

A few months ago, plaintiffs filed a nearly identical lawsuit in state court. (DE # 121-3.) Plaintiffs then moved for this court to abstain from exercising jurisdiction in this case and to stay any ruling on the pending motions. (DE # 110.) The court denied this motion on March 6, 2026. (DE # 124.) The PM Fleets defendants moved for sanctions against plaintiffs' counsel for filing the motion for abstention. (DE # 122.) Plaintiffs then

moved to voluntarily dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a), so they can pursue the state court litigation. (DE ## 126, 128.)

The court begins with the issue of sanctions. The PM Fleets defendants seek compensation under 28 U.S.C. § 1927, which states that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The PM Fleets defendants argue that plaintiffs' counsel's decision to file a lawsuit in state court and then to move for abstention in federal court was a bad faith duplication of litigation that warrants a financial penalty. (DE # 122.)

To be liable under Section 1927, counsel must have engaged in a "serious and studied disregard for the orderly process of justice." *Bender v. Freed,* 436 F.3d 747, 751 (7th Cir. 2006). However, duplicate federal and state litigation is not uncommon, and though it is not ideal, it is not necessarily impermissible. *See, e.g., TruServ Corp. v. Flegles, Inc.,* 419 F.3d 584, 590 (7th Cir. 2005) (state and federal court can both exercise jurisdiction over proceedings concerning the same matter). In this case, the decision of plaintiffs' counsel to file duplicative state litigation and seek abstention in this case may have been nettlesome and suboptimal, but it did not constitute a "serious and studied disregard for the orderly process of justice" as required by Section 1927. Accordingly, the motion for sanctions is denied.

Next, the court must consider plaintiffs' motions to voluntarily dismiss this case. Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of actions. The

2

rule distinguishes between dismissals that occur as a matter of right and those that require judicial intervention. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before either an answer or a motion for summary judgment is served. This "self-executing" dismissal is absolute and requires no leave of court. *United States v. UCB, Inc.,* 970 F.3d 835, 849 (7th Cir. 2020).

However, once an answer or a motion for summary judgment has been served, the landscape changes. Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of this requirement is to prevent voluntary dismissals which unfairly affect the other side. *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir. 1971). Whether to grant such a motion is committed to the discretion of the district court, and its decision will only be disturbed upon a showing of an abuse of that discretion. *Id.*

In this case, plaintiffs seek to utilize both subsections of Rule 41(a). Specifically, plaintiffs move to dismiss the PM Fleets defendants under Rule 41(a)(1), and all remaining defendants under Rule 41(a)(2). (DE ## 126, 128.) Plaintiffs' motions imply that the self-executing dismissal mechanism of Rule 41(a)(1) applies to their claims against the PM Fleet defendants because the PM Fleets defendants have not yet filed an answer or a motion for summary judgment in this case.

This logic is faulty. The Seventh Circuit has made clear that Rule 41(a) does not speak of "claims," it speaks of "'an action'—which is to say, the whole case." *Taylor v. Brown,* 787 F.3d 851, 857 (7th Cir. 2015). Thus, when the court considers a Rule 41(a)

motion, it must consider the case as a whole, not as small, separate actions within an action. As the record reflects, at least one defendant has filed an answer. (DE # 25.) Thus, Rule 41(a)(2) applies to this entire action, and dismissal can only be effectuated by court order.

Generally, plaintiffs are the masters of their complaint. *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 410 (7th Cir. 2000). In the context of Rule 41(a)(2), the district court should allow voluntary dismissal unless it is demonstrated that the defendants will suffer "plain legal prejudice." *United States v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir. 1986). Relevant considerations in assessing whether the defendants will suffer "legal prejudice" include "the defendant[s'] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff[s] in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant[s]." *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir. 1969).

Here, the factors weigh in favor of granting voluntary dismissal without prejudice. Surely, defendants' effort and expense in this case has not been insignificant, as they have defended against multiple iterations of the complaint over the course of several years. However, this case is still in the pleadings stage, discovery has not even begun, and defendants have not yet filed an answer much less a motion for summary judgment. *Cf. Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir. 1994) (voluntary dismissal properly denied where case had been pending for 4 years, discovery had been

4

completed for 22 months, and district court had granted partial summary judgment). While plaintiffs have so far struggled to file a complaint that conforms with Rule 9(b) of the Federal Rules of Civil Procedure, the rule that requires fraud claims to be pleaded with particularity, the record does not show that plaintiffs caused excessive delays or lacked diligence as they attempted to amend their pleadings to meet Rule 9(b)'s standard.

Defendants insist that plaintiffs are simply trying to avoid an adverse ruling on the pending motion to dismiss, but the court has given no indication on how it would rule on the motion to dismiss, so allowing a voluntarily dismissal is not necessarily prejudicial to either party at this point. *See DuToit v. Strategic Mins. Corp.,* 136 F.R.D. 82, 85–86 (D. Del. 1991) ("[A] plaintiff's purported desire to avoid a potential adverse determination does not warrant denial of voluntary dismissal unless the plaintiff's motion follows an indication by the court that it intends to rule against the plaintiff on the pending motion."). Regardless, the Seventh Circuit has stated that the creation of a tactical advantage for plaintiffs is not a sufficient reason to deny a plaintiffs' motion for voluntary dismissal, nor is the prospect of a second lawsuit. *Quad/Graphics, Inc. v. Fass,* 724 F.2d 1230, 1233 (7th Cir. 1983). In plaintiffs' state lawsuit, defendants may make the same arguments that they have made in this lawsuit, so they will suffer limited prejudice in that regard either. Put simply, should defendants be forced to litigate this case in state court, the situation might be inconvenient and aggravating, but not legally prejudicial. Accordingly, the motions for voluntary dismissal will be granted.

For the foregoing reasons, defendants' motion for sanctions (DE # 122) is

**DENIED**, plaintiffs' motions for voluntary dismissal (DE ## 126, 128) are **GRANTED**,

defendants' motion to dismiss (DE # 104) is **DENIED** as moot, and this case is

**DISMISSED** without prejudice.

**SO ORDERED.**

Date: April 20, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT